IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 07-cr-00336-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WHITMARSH S. BAILEY, JR.,

    Defendant.

## ORDER GRANTING MOTION TO CONTINUE AND MOTION TO EXTEND TIME

**Blackburn, J.**

This matter is before me on the defendant's **Motion To Continue Motions and Jury** [#44], and the defendant's **Motion for Extension of Time by Which To File Pretrial Motions** [#45], both filed November 16, 2007. The motions are unopposed. The motions are granted.

In determining a motion to continue, the Tenth Circuit has established the following relevant factors:

> (1) the diligence of the party requesting the continuance; (2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] (4) The need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is ". . . by far the

most important." *Id*. at 1476.  I have considered carefully each of these factors.  On balance these factors weigh in favor of a continuance of the trial.

The motions implicate also the Speedy Trial Act of 1974 codified at **18 U.S.C. § 3161-74**. Specifically, the motions implicate **18 U.S.C. § 3161(h)**, which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: (8)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the defendant, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**18 U.S.C. § 3161(h) and (h)(8)(A).**

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill,*** 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  See **18 U.S.C. § 3161(c)(1)**; ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir.1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  **See 18 U.S.C. § 3161(h)(1)-(9)**.  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting **18 U.S.C. § 3161(h)(8)(A)**).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section **3161(h)(8)(A)**, certain prerequisites must be satisfied.  *Id*. at 441.  First, I must consider the following factors listed in section **3161(h)(8)(B)**:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**18 U.S.C. § 3161(h)(8)(B)(i) - (iv)**. After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." ***Id***., **§ 3161(h)(8)(A)**. Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" **Hill**, 197 F.3d at 441 (quoting **United States v. Doran**, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" ***Id***. (quoting

*Doran*, 882 F.2d at 1516).

Defense counsel indicates that he inadvertently overlooked certain information in discovery, which information includes inculpatory statements allegedly made by the defendant to a law enforcement officer. Defense counsel says he needs 30 days of additional time to evaluate this information and possibly to file a motion to suppress. In addition, defense counsel notes that additional charges were filed against the defendant in a Superseding Indictment filed on October 24, 2007. Given these circumstances, defense counsel will not have a reasonable opportunity to prepare for any motions that may need to be filed based on the overlooked information, and for a trial within the time prescribed by the Speedy Trial Act. Therefore, I find that it is unreasonable to expect adequate preparation by defense counsel for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).

I have considered the factors which I must under **18 U.S.C. § 3161(h)(8)(B)(i)-(iv)**. As required by **18 U.S.C. § 3161(h)(8)(C),** I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

1. That failure to grant a continuance of trial beyond the time initially prescribed by **18 U.S.C. § 3161(c)** would likely result in a miscarriage of justice within the meaning of **18 U.S.C. § 3161(h)(8)(B)(i)**;

2. That even considering due diligence, failure to grant the motion would deny counsel for the defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of **18 U.S.C. § 3161(h)(8)(B)(iv)**; and

3. That, therefore, the ends of justice that will be served by granting the motion

outweigh the best interests of the public and defendant in a speedy trial within the meaning of **18 U.S.C. § 3161(h)(8)(A)**.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion To Continue Motions and Jury** [#44], and the defendant's **Motion for Extension of Time by Which To File Pretrial Motions** [#45], both filed November 16, 2007, are **GRANTED**;

2. That the telephonic motions' hearing setting conference set for November 21, 2007, at 10:00 a.m., is **VACATED**;

3. That the trial preparation conference set for November 30, 2007, at 3:30 p.m., is **VACATED**;

4. That the jury trial set to commence December 3, 2007, at 8:30 a.m., is **VACATED**;

5. That the defendant shall have until December 20, 2007, to file one additional motion to suppress concerning statements allegedly made by the defendant to Agent Peterson, as outlined in Agent Peterson's report, found on pages 121 through 123 of the discovery provided to the defendant;

6. That the court shall conduct a telephonic setting conference on January 9, 2008, at 10:00 a.m., at which the defendant need not appear or participate;

7. That counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference;

Dated November 21, 2007, at Denver, Colorado.

**BY THE COURT:**


       **s/ Robert E. Blackburn**
       **Robert E. Blackburn**
       **United States District Judge**